UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWLOOK REALTY COMPANY,<br><br>                    Plaintiff,<br><br>          v.<br><br>MARIO D. AVILA,<br><br>                    Defendant. | No.  2:15-cv-2532 TLN AC<br><br>**ORDER REMANDING CASE** |

This matter is before the Court pursuant to Defendant's Notice of Removal.  (ECF No. 1.)  For the reasons set forth below, the Court hereby remands the action to the Superior Court of California, County of Sacramento, due to lack of subject-matter jurisdiction.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On or about September 8, 2015, Plaintiff  Newlook Realty Company ("Plaintiff") bought the property at 4912 Madamin Way, Sacramento, CA 95835 ("the Property") at a trustee's sale following foreclosure proceedings.  (Compl., ECF No. 1-1 at ¶5.)  On September 8, 2015, Plaintiff served Defendant Mario Avia ("Defendant") a three-day written notice to vacate the Property and deliver up possession of the Property, in accordance with Cal. Civ. Pro. Code § 1162.  (ECF No. 1-1 at ¶ 9.)  Plaintiff claims that three days passed without Defendant's compliance, and that Defendant continues to possess the Property without Plaintiff's consent.

1  (ECF No. 1-1 at 10.)

2      Plaintiff commenced an action for unlawful detainer in the Superior Court of California, County of Sacramento, on September 25, 2015.  On December 7, 2015, Defendant filed a Notice of Removal in United States District Court, Eastern District of California.  (Notice of Removal, ECF No. 1.)

## II.   STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).  Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court."  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, as amended, 387 F.3d 966 (9th Cir. 2004), cert. denied 544 U.S. 974 (2005).

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar*, 482 U.S. at 386.  Removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in state court or federal court.  *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

## III.   ANALYSIS

Defendant removed this case to this Court on the basis of federal question jurisdiction.  Defendant argues that jurisdiction is proper under 28 U.S.C. § 1332.  Section 1332 states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

between—(1) citizens of different States." Defendant asserts that the parties are citizens of different states and that the amount in controversy exceeds $75,000 because the property is worth more than $75,000. (ECF No. 1 at ¶¶ 5–7.) While the Court does not disagree that the home is likely worth more than $75,000, this Court is unconvinced that the *amount in controversy* exceeds this sum.

The burden of proving the amount in controversy depends on what the plaintiff has pleaded. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998, 1000 (9th Cir. 2007). When the complaint alleges damages less than the jurisdictional requirement, the party seeking removal must prove the amount in controversy with legal certainty. *Id.*; *Rynearson v. Motricity, Inc.*, 601 F. Supp. 2d 1238, 1240 (W.D. Wash. 2009). The complaint alleges damages calculated at $60 per day for the time period that Defendant fails to vacate the premises, beginning on September 22, 2015, plus costs. Thus, the damages at this time are somewhere in the neighborhood of $5,000. Although Defendant has alleged deficiencies in the foreclosure process, such claims are predicated on Defendant's proposed defenses to Plaintiff's claim for unlawful detainer. Removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in state court or federal court. *See Vaden*, 556 U.S. at 49; *Hunter v. Philip Morris USA*, 582 F.3d at 1042–43. While Defendant contends in the notice of removal that Plaintiff has violated a federal law, this assertion relates only to an affirmative defense or potential counterclaim, which is not considered in evaluating whether a federal question appears on the face of a plaintiff's complaint. *See Vaden*, 556 U.S. at 60–62. "[A] counterclaim – which appears as part of the defendant's answer, not as part of the plaintiff's complaint – cannot serve as the basis for 'arising under' jurisdiction." *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002). Thus, Defendant has failed to establish his burden of showing that jurisdiction before this Court is proper. Therefore, it is appropriate to remand this case, *sua sponte*, for lack of federal jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not.").

///

## IV. CONCLUSION

For the foregoing reasons, the Court hereby remands the action to the Superior Court of California, County of Sacramento.

IT IS SO ORDERED.

Dated: December 8, 2015

Troy L. Nunley
United States District Judge